[No. 2206.]

A. ELSNER *v.* THE STATE.

1. THEFT—EVIDENCE—BRAND.—While the statutes (Arts. 4556 and 4560, Rev. Stat.), regarding the ear marks and brands of animals, and the record thereof, do not require the record of horse brands, still Article 4561 of the Revised Statutes, declares that only such brands as have been duly recorded shall be recognized as evidence of the ownership of the " cattle, horses or mules upon which the same may be used." Over the the objection of the defendant in this case, the State was permitted to prove by parol the fact that the brand on the alleged stolen horse was a recorded brand. *Held*, error; the record of the brand, or an authenticated copy of the record, being the primary evidence of the same.

2. SAME.—RECORDS are proved in this State either by their own production in court, or by exemplified, certified or sworn copies of the same.

3. SAME.—In as much as the statute declares that the brand of a horse shall be duly recorded before it can be received as evidence of title, there was error in permitting parol proof of the record, although the fact so proved was simply the fact that the brand was recorded. Parol proof of the record of the brand, if it could be made without proving the brand itself, would be no proof of title.

4. SAME.—The State, in this case, in order to prove ownership, was compelled to rely upon the brand on the animal. Such proof would have sufficed had it been legally made, but the proof of the record of the brand by parol, as a means of proving ownership, was reversible error.

APPEAL from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The indictment in this case impleads the appellant and one M. Shubert for the the theft of a horse, the property of H. B. Shafer. This is one of the series of prosecutions growing out of the arrest of the appellant and the said Shubert in Austin Texas, early in June, 1885, for theft of a number of horses. The facts proved in this case do not materially vary, except as to the ownership of the property, from the facts proved on the trials of M. Shubert in two cases, which will be found reported in the twentieth volume of these reports, page 320, and the twenty-first volume, page 551. Appellant was alone tried in this case, was convicted, and his punishment assessed at a term of five years in the penitentiary.

The motion for new trial raised the questions discussed in the opinion.

*D. H. Hewlett* filed an able brief and argument for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. The indictment alleges the ownership of the horse stolen to have been in H. B. Shafer. The only evidence in the record tending to prove the allegations of ownership is the brand upon the animal. The State undertook to prove by parol evidence that the brand on the horse was a recorded brand. To this character of proof the defendant objected, for the reason that the record of the brand, or a certified copy, furnished the best evidence. Notwithstanding the objection the testimony was admitted and this ruling is assigned as error.

Article 4556 of the Revised Statutes provides that every owner of cattle, hogs, sheep or goats shall select an ear mark or brand and that the same shall be recorded. Article 4560 requires the clerks of the county courts to keep a well bound book, in which they shall record the marks or brands of each person who may apply to them for that purpose, noting in every instance the date on which the brand or mark is recorded, which record shall be subject to the examination of every citizen of the county, at all reasonable office hours, free of charge for such examination. Article 4561 provides that: "No brands, except such as are recorded by the officers named in this chapter, shall be recognized in law as any evidence of ownership of the cattle, horses or mules upon which the same may be used."

It will be observed that none of these provisions requires the owner of horses to have his horse brand recorded. But the law does make provision for and requires county clerks to record *all* brands when applied to for that purpose. Though the owner is not required to have the brands used on his horses recorded, still it is made essential that they be recorded before the brand is admissible as evidence of ownership. This being the case, we are of opinion that objection of defendant was a proper one and should have been sustained. (1 Greenl. Ev., secs. 82, 86.)

As to the proof of records. This is done either by the mere production of the record, without more, or by a copy. Copies of

records are exemplifications, copies made by an officer, sworn copies. (Greenl. Ev., sec. 501.) Under the law of this State, certified copies will suffice. With Greenleaf is also found on this question Wharton in his work on evidence. (Sec. 63.)

It may be contended that, as the fact proved was simply that the brand was recorded and not the contents or specific details of the brand, the rule above does not apply. To this it is answered that the law requires that the brand used on the horse shall be recorded before the brand itself is put in evidence to establish title. Proof that a brand was recorded would certainly be no evidence of title. It would, therefore, be impossible to simply introduce the record of the brand, without at the same time making proof of the contents, or description, of the brand. If even this could be done, the evidence would not then be sufficient, for it would not establish that the brand on the horse (the means by which ownership is sought to be established) was recorded; and unless this be done the brand "shall not," says the statute, be recognized as any evidence of ownership.

The allegations of ownership in H. B. Shafer being a material averment of the indictment, and there being no other evidence that the horse alleged to have been stolen was in fact the property of the said Shafer, the State was driven to rely upon the brand for a conviction. This was permissible, if the brand was recorded as required by the statute; and this it was proposed to show, and was shown, by parol testimony. This was error requiring a reversal of the judgment.

It is not intimated that this parol evidence would have been competent, even though there had been other testimony to support the allegation of ownership; neither, on the other hand, is it said that this error would in all cases be an injury demanding a reversal. There might be cases in which the other proof of ownership was so overwhelming as to render the error harmless.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 22, 1887.